UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                  :
TYRONE H. MASSEY,                         :
                       Plaintiff,    :
                                                  :    20 Civ. 8592 (LGS)
             -against-                     :
                                                    :    **OPINION AND ORDER**
CAPTAIN SUSANNA BOLANOS, et al.,    :
                      Defendants.  :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

     Pro se Plaintiff Tyrone Massey sues the City of New York, Captain Susanna Bolanos and Deputy Warden Aisha Shannon for their alleged deliberate indifference to his serious medical needs during his detention at the New York City Department of Correction's Manhattan Detention Center ("MDC") pursuant to 42 U.S.C. § 1983. Defendants move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Plaintiff filed a Proposed Amended Complaint ("PAC") after Defendants filed their motion for judgment on the pleadings and more than twenty-one days after Defendants filed an answer. The PAC is liberally construed as a motion for leave to amend. For the reasons stated below, Defendants' motion is granted, and Plaintiff's motion is denied.

I.    BACKGROUND

     The following facts are taken from the Complaint and are assumed to be true only for purposes of this motion. *See Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 305 (2d Cir. 2021).

     Plaintiff Tyrone Massey was detained at the MDC in September 2020 as a pretrial detainee. At some point between 11 p.m. and 7 a.m. and again between 7 a.m. and 3 p.m. on or around September 29, 2020, Plaintiff experienced multiple seizures. Defendant Captain Susanna

Bolanos was aware that Plaintiff had a seizure and required medical attention but refused to escort him to a clinic. Around 10 a.m., Plaintiff cut his leg, and he had a seizure around 11 a.m. Plaintiff told two officers at the MDC that he needed medical attention. Those officers told him they had informed Bolanos. Bolanos did not escort him to the clinic. Plaintiff experienced head and neck pain because of his seizures. He also has emotional and mental pain, including anxiety, depression and post-traumatic stress. He received treatment in the form of pain medications and an ice pack.

Bolanos is aware that her subordinates and Defendant Deputy Warden Aisha Shannon were not making tours between 11 p.m. and 7 a.m. As a result, they did not observe Plaintiff while he had seizures.

Plaintiff did not file a grievance because he has been the subject of retaliatory acts. The acts include physical and sexual assault, denial of showers, recreation opportunity and medical services. Plaintiff has been verbally harassed.

## II.   STANDARD

The standard for granting a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is identical to the standard for a Rule 12(b)(6) motion to dismiss. *Lively*, 6 F.4th at 301. The Court accepts as true all of the non-moving party's well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *Id.* at 305. To survive a motion for judgment on the pleadings, "the plaintiff's complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 301. Further, a pro se litigant's papers must be construed "liberally to raise the strongest arguments that they suggest." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (internal

quotation marks omitted); *accord Greene v. Sampson*, No. 18 Civ. 6103, 2021 WL 355477, at *3 (S.D.N.Y. Feb. 2, 2021) (internal quotation marks omitted).

### III.  DISCUSSION

The Complaint is dismissed for two independent reasons.  First, it does not allege a violation of Plaintiff's constitutional rights.  Second, Plaintiff has not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA").

#### A. Deliberate Indifference to Serious Medical Needs Claim

##### a.  Claim Against Captain Bolanos

The Complaint does not state a claim for deliberate indifference to serious medical needs against Bolanos.  "A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment . . . ."  *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017); *accord Gomez v. Westchester County*, No. 18 Civ. 244, 2021 WL 4443379, at *8 (S.D.N.Y. Sept. 28, 2021).  A pretrial detainee may establish a § 1983 claim for unconstitutional conditions of confinement by satisfying (1) an "objective prong" that "the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process" and (2) a "mental element prong" that "the officer acted with at least deliberate indifference to the challenged conditions."  *Darnell*, 849 F.3d at 29.  The Complaint does not satisfy the objective prong.

The Complaint does not allege a sufficiently serious deprivation.  There is not a "static test" to determine whether a deprivation is sufficiently serious.  *Id.* at 30.  Prisoners may not be deprived of basic human needs, such as medical care, and they "may not be exposed to conditions that pose an unreasonable risk of serious damage to [their] future health."  *Id.* (internal quotation marks omitted) (alteration in original).  Where denial of care is at issue, "the

actual medical consequences that flow from the alleged denial of care will be highly relevant to the question of whether the denial of treatment subjected the prisoner to a significant risk of serious harm." *Smith v. Carpenter*, 316 F.3d 178, 187 (2d Cir. 2003); *accord Reid v. City of New York*, No. 20 Civ. 644, 2021 WL 3477243, at *9 (S.D.N.Y. Aug. 6, 2021). "Where temporary delays or interruptions in the provision of medical treatment have been found to satisfy the objective seriousness requirement in this Circuit, they have involved either a needlessly prolonged period of delay, or a delay which caused extreme pain or exacerbated a serious illness." *Morgan v. Shivers*, No. 14 Civ. 7921, 2018 WL 618451, at *8 (S.D.N.Y. Jan. 29, 2018) (internal quotation marks omitted) (collecting cases). Here, the Complaint is silent on the length of delay Plaintiff experienced and does not include any information about when or how Plaintiff received care. The Complaint alleges that Plaintiff was provided with pain medications and an ice pack. The Complaint does not allege that Plaintiff's injuries warranted a quicker intervention or a higher level of treatment. Without any facts to support a finding that the delay in care was needlessly prolonged or caused extreme pain or exacerbated a serious illness, the Complaint does not allege a sufficiently serious deprivation of care. *See Johnson v. Schiff*, No. 17 Civ. 8000, 2019 WL 4688542, at *14 (S.D.N.Y. Sept. 26, 2019) (finding failure to state a deliberate indifference claim related to medical treatment following seizures where the complaint did not "allege how long the alleged delay lasted and, more importantly, how the delay caused him extreme pain or exacerbated a serious medical condition"); *Feliciano v. Anderson*, No. 15 Civ. 4106, 2017 WL 1189747, at *11 (S.D.N.Y. Mar. 30, 2017) ("Although a delay in providing necessary medical care may in some cases constitute deliberate indifference, [the Second Circuit] has reserved such a classification for cases in which, for example, officials deliberately delayed care as a form of punishment; ignored a 'life-threatening and fast-degenerating'

condition for three days; or delayed major surgery for over two years." (alteration in original) (quoting *Demata v. N.Y. State Corr. Dep't of Health Servs.*, 198 F.3d 233 (2d Cir. 1999) (unpublished opinion))).

### b. Claim Against Defendant Shannon

The Complaint does not allege a claim against Shannon.  There is no special rule for supervisory liability, instead, a plaintiff must show "that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[1]  *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020).  The Complaint alleges that Shannon failed to adequately train her subordinates to make tours to observe the inmates at MDC.  Here, because the Complaint does not allege a sufficiently serious deprivation to constitute a violation of the Constitution, as discussed above, or any constitutional violation by Shannon, it does not allege a claim against Shannon.

### c. Claim Against City of New York

The Complaint does not allege municipal liability because it does not allege an underlying constitutional violation.  "To hold a [municipality] liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right."  *Lucente v. County of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (internal quotation marks omitted).  Because the Complaint does not plead the denial of a constitutional right, as discussed above, it does not state a claim for municipal liability against

---

[1] Defendants, relying on a case that cites *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995), contend that the Second Circuit has not yet definitively weighed in on this issue.  In *Tangreti v. Bachmann*, the Second Circuit expressly clarified the impact of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), on *Colon*.

the City of New York.

### B. Exhaustion Under the Prison Litigation Reform Act

The Complaint does not allege that Plaintiff complied with the PLRA's exhaustion requirement. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because failure to exhaust is an affirmative defense under the PLRA, a plaintiff is not required to plead exhaustion affirmatively, but "a district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement." *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016); *Martinez v. Franco*, No. 19 Civ. 8868, 2021 WL 1199188, at *3 (S.D.N.Y. Mar. 30, 2021). Here, the Complaint expressly states that "no grievance was filed."

The Complaint's allegations that Plaintiff's attempts to grieve were thwarted does not legally excuse the exhaustion requirement. "[A]n administrative remedy may be unavailable 'when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Williams*, 829 F.3d at 124 (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016)). "An inmate's generalized fear of retaliation is insufficient to excuse a failure to exhaust" at the motion to dismiss stage. *Massey v. Sapp*, No. 19 Civ. 11902, 2021 WL 4461825, at *4 (S.D.N.Y. Sept. 29, 2021) (dismissing § 1983 claim for failure to exhaust remedies). The Complaint's conclusory allegations that Plaintiff was subjected to retaliatory acts are insufficient to allege that an administrative remedy was unavailable; the Complaint alleges no facts to show what retaliatory acts were taken, when and how they were in

6

response to Plaintiff's attempts to grieve or the grievance process in general. *See Lucente*, 980 F.3d at 313 (holding that an act "wholly unrelated to the grievance process or any attempt to intimidate an inmate from reporting abuse, does not provide grounds for excusing [compliance] with the PLRA's exhaustion requirement.").

### C. State Law Claims

Because the Complaint does not state a federal claim, the Court declines to exercise supplemental jurisdiction over any state claims that Plaintiff may be asserting. A district court may decline to exercise supplemental jurisdiction over state claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *accord Krechmer v. Tantaros*, 747 Fed. App'x. 6, 10 (2d Cir. 2018) (summary order); *see also Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 405 (2d Cir. 2017) ("[O]ur circuit takes a very strong position that state issues should be decided by state courts.").

### D. Motion to Replead

Plaintiff's motion to replead is denied as futile. The PAC alleges a different course of events surrounding September 29, 2020, but it still does not state a claim. The PAC alleges that Bolanos spoke to Plaintiff about his condition and declined to escort him to the clinic for medical care. The PAC alleges that Plaintiff told Bolanos he was in "excruciating pain and having involuntary jerky body movements." The PAC removes all allegations about the care Plaintiff received. Despite these changed allegations, the PAC still contains no allegations about how

7

long Plaintiff's treatment was delayed or how the delay caused him additional pain or injury.  As a result, the PAC does not allege a sufficiently serious deprivation of care.  *See Johnson*, 2019 WL 4688542, at *14 (finding an amended complaint failed to state a deliberate indifference claim related to medical treatment following seizures where the complaint did not "allege how long the alleged delay lasted and, more importantly, how the delay caused him extreme pain or exacerbated a serious medical condition").

The PAC's additional allegations regarding grievances are insufficient to overcome the failure to exhaust.  The PAC alleges that Plaintiff did not file a grievance because his grievances are returned as "staff complaints are non grievable."  The PAC includes as exhibits nineteen grievances filed by Plaintiff in 2021 that were returned as non-grievable.  These exhibits provide no basis for the PAC's allegation that in 2020 Plaintiff did not file a grievance because all of his grievances that were returned are from several months after the incident at the heart of the PAC. Additionally, Exhibit T to the PAC provides that grievances related to "medical/access to sick call" are subject to the grievance process.  The PAC concerns a medical issue.  There is no basis to infer from the grievances returned in 2021 that Plaintiff plausibly believed his grievances would not be acted upon in September 2020.

Plaintiff's motion for leave to amend is denied for the additional and independent reason that the PAC contradicts the allegations in the original complaint.  "Courts are free to consider direct contradictions between earlier pleadings and a proposed amended pleading in determining whether to grant leave to amend, particularly when the proposed amendments concern facts clearly within the plaintiff's knowledge when previous complaints were filed."  *Kant v. Columbia Univ.*, No. 08 Civ. 7476, 2010 WL 807442, at *7 (S.D.N.Y. Mar. 9, 2010) (collecting cases); *see also Staten Island Chiropractic Assocs., PLLC v. Aetna, Inc.*, No. 12 Civ. 6239, 2014

U.S. Dist. LEXIS 140895, 22-23 (E.D.N.Y. July 30, 2014) ("Because Plaintiffs' proposed amended complaint directly contradicts their earlier admission that Aetna was not the named plan administrator, allowing leave to amend is inappropriate").  Here, the Complaint alleges Plaintiff told two officers that he needed medical attention and they told Bolanos.  In contrast, the PAC alleges that Plaintiff told Bolanos that he needed medical attention and she told him she was not taking him to the clinic.  The Complaint alleges no grievance was filed because Plaintiff is subject to various physical and emotional retaliatory acts, and the PAC alleges no retaliation and instead asserts that no grievance was filed because Plaintiff's grievances are not acted upon.  The aforementioned facts are all within Plaintiff's knowledge.  The changes from the Complaint to the PAC are sufficiently contradictory to warrant denying leave to amend.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff's motion for leave to amend is denied, and Defendants' motion for judgment on the pleadings is granted.

The Clerk of Court is respectfully directed to mail a copy of this Opinion and Order to pro se Plaintiff and to close the motion at Dkt. No. 38.

Dated: December 28, 2021
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE